UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURJOT SINGH DHALIWAL,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>    Defendant. | Case No. 25-cv-05678-TLT<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br>(Alameda County Superior Court 25-MH-005289, 25-CV-128280)<br><br>Re: Dkt. Nos. 1, 3, 4 |

On July 7, 2025, Plaintiff Gurjot Singh Dhaliwal ("Plaintiff") filed this action against the Superior Court of California ("Defendant"), alleging that Defendant violated and continues to violate his constitutional rights in his currently pending criminal case, Alameda County Superior Court Case No. 25-MH-005289 ("Pending Criminal Case"). ECF 1 ("Complaint"). That same day, Plaintiff filed a motion for leave to proceed *in forma pauperis*, ECF 3, and a "Motion for Temporary Restraining Order," in which he asks the Court to dismiss the Pending Criminal Case and to vacate other orders of the Alameda County Superior Court, ECF 4 ("Motion").

Having reviewed the record, and the relevant legal authority, the Court DISMISSES the action with prejudice because it lacks jurisdiction to review pending state cases and cannot sit as an appellate court for decisions by the state court until all appeals have been exhausted.

## I. FACTUAL BACKGROUND

Plaintiff alleges federal question jurisdiction based on alleged violations of his "constitutional rights [under the] 1st, 5th, 6th, 8th, 9th, 13th, 14th [Amendments]." Compl. at 2. Plaintiff asserts that he brings the case against the "Superior Court of California Alameda County, et. al," but identifies only the Alameda County Superior Court as a defendant. *Id.* at 5. In the section of his Complaint requiring a recitation of specific legal violations, defendants' actions, and

resulting harm, Plaintiff lists only the previously mentioned constitutional amendments. *Id.* In the section concerning requested relief, Plaintiff requests the Court dismiss with prejudice his Pending Criminal Case, "recover[] [his] two kidnapped and missing minor children," and "[b]ring the assailants to justice in defense of the Constitution of the United States." *Id.* at 7.

In the facts section of his Complaint, Plaintiff directs the Court to his attachments, which include over fifty pages of filings from his Pending Criminal Case and his pending civil harassment application, Fremont Hall of Justice Case No. 25-cv-128280 ("Pending Civil Case"). *See* Compl. at 11–28. Plaintiff attaches a copy of the temporary restraining order in his Pending Civil Case, which was denied pending a hearing scheduled for July 16, 2025. *See* ECF 1-2 at 52.

Plaintiff explains the gravamen of his grievances in his Motion: being "false imprisoned and persecuted by prosecution" and "falsely accused" of misdemeanor charges "of having violated a [domestic violence] restraining order that does not exist." Compl. at 2. Plaintiff alleges that the Alameda County District Attorney's Office "brought a case with no evidence and no due process and equal protection of the law." *Id.* at 3. Plaintiff further alleges the District Attorney's Office's "motion for court order for expert examination to determine [Plaintiff's] mental capacity for self-representation was done purely to gain legal advantage and violate [Plaintiff] of his 1st, 5th, 6th, 8th, 9th, and 14th Amendment Constitutional Rights to due process and equal protection of the law" and constituted "prosecutorial misconduct." *Id.* at 6. Plaintiff asserts that the Alameda County Court "suspended" the Pending Criminal Case and "moved the case to the mental health court." *Id.* at 13.

Plaintiff comes before the Court seeking the following relief: (1) dismissal with prejudice of the Pending Criminal Case; (2) ruling on Plaintiff's motion to dismiss the Pending Criminal Case, scheduled for hearing before the Alameda County Superior Court on July 8, 2025; (3) vacating the Alameda County Superior Court's mental competency assessment order; and (4) vacating the Alameda County Superior Court's pre-trial "booking" order. *See* Compl. at 20–21.

## II.     LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

2

1    against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

2       A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction.
3    *See Castillo v. Marshall*, 107 F.3d 15, 15 (9th Cir. 1997) (citation omitted) (citing *Pratt v. Sumner*,
4    807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be
5    dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking)). As
6    courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do
7    not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S.
8    428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting courts
9    "obligat[ion] to consider sua sponte whether [they] have subject matter jurisdiction").

10      A complaint may also be dismissed for failure to state a claim under Federal Rule of Civil
11   Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Courts evaluate
12   Federal Rule of Civil Procedure 12(b)(6) through the plausibility threshold set forth in Federal
13   Rule of Civil Procedure 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Federal
14   Rule of Procedure 8(a)(2) only requires a "short and plain statement of the claim showing that the
15   pleader is entitled to relief." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). The
16   complaint must "give the defendant fair notice of what the Plaintiff's claim is and the grounds
17   upon which it rests." *Id*. at 507 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

18      The complaint, therefore, must allege facts that plausibly establish the defendant's liability.
19   *Twombly*, 550 U.S.at 555-57. Plaintiff must do more than assert "labels and conclusions, and a
20   formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, the
21   plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its
22   face." *Id*. at 570.

23      When the complaint has been filed by a pro se plaintiff, courts must "construe the
24   pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d
25   338, 342 (9th Cir. 2010) (citation omitted). Upon dismissal, pro se plaintiffs proceeding *in forma*
26   *pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the
27   deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d
28   1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*,

United States District Court
Northern District of California

1  203 F.3d 1122, 1130-31 (9th Cir. 2000). A court may deny leave to amend where further

2  amendment would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir.

3  2008) (reiterating that a district court may deny leave to amend for "futility of amendment").

### III. DISCUSSION

Here, the Court lacks jurisdiction because Plaintiff's claims challenge pending state cases where he has not exhausted appeals and he fails to state a claim upon which relief may be granted.

First, Plaintiff's allegations regarding the Alameda County Superior Court's orders for a mental competency assessment and pretrial booking improperly invoke the *Rooker-Feldman* doctrine. The doctrine makes clear that federal courts lack jurisdiction to hear matters already decided in state court. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)). The doctrine bars suits brought by plaintiffs "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indust. Corp*., 544 U.S. 280, 284 (2005)). It applies to bar federal courts from adjudicating final state court orders and judgments, as well as interlocutory orders and non-final judgments issued by a state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir. 1986). As such, the Court lacks jurisdiction to review Plaintiff's claims challenging prior state judgments. *See Nemcik v. Stevens*, No. 16-CV-00322-BLF, 2017 WL 2834120, at *7 (N.D. Cal. June 30, 2017) (dismissing case under *Rooker-Feldman* because "the Court would have to find that the state court orders were incorrect" to give the relief sought).

Plaintiff's remaining requests for the Court to dismiss his Pending Criminal Case and to grant his civil harassment application in his Pending Civil Case, which is set for hearing July 16, 2025, run afoul of the *Younger* doctrine. The *Younger* doctrine prevents federal courts from interfering with pending state proceedings that are: "(1) ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity…to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks and citation omitted) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also Arevalo v. Hennessy*, 882

4

F.3d 763, 765 (9th Cir. 2018) ("*Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings.") (citation omitted). Here, the Court cannot review pending state cases where Plaintiff can raise his constitutional claims in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

Finally, the complaint fails to state a claim upon which relief may be granted because it fails to "state a claim to relief that is plausible on its face" where Plaintiff requests review of a pending misdemeanor criminal matter and a pending civil harassment application. *See Twombly*, 550 U.S. at 555-57. Plaintiff's conclusory allegations also fail to give Defendant "fair notice" of the claims "the grounds upon which" they rest. *Swierkiewicz*, 534 U.S. at 512 (citation omitted); *see, e.g.*, Compl. at 2 (alleging violations of "constitutional rights 1st, 5th, 6th, 8th, 9th, 13th, 14th").

## IV.     CONCLUSION

Accordingly, the Court DENIES Plaintiff's *in forma pauperis* motion, ECF 3, and DISMISSES the complaint with prejudice under Section 1915 as the Court lacks jurisdiction. The Court also denies leave to amend as futile as Plaintiff cannot cure the jurisdictional defects. The Court therefore denies Plaintiff's Motion, ECF 4, as moot.

The clerk is ordered to terminate this case.

This Order resolves ECF 1, 3, and 4.

**IT IS SO ORDERED.**

Dated: July 7, 2025

TRINA L. THOMPSON
United States District Judge